**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JENNIFER ENGLE,

    Plaintiff,

v.    Case No: 6:15-cv-1819-Orl-40GJK

KISCO SENIOR LIVING, LLC,

    Defendant.

_____

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss, or in the Alternative, Motion to Stay Case and Discovery and Compel Arbitration and Memorandum in Support (Doc. 15), filed January 13, 2016. Plaintiff has elected not to respond to Defendant's motion. Upon consideration, the motion is denied.

**I.    BACKGROUND**

Plaintiff, Jennifer Engle, initiated this lawsuit on October 26, 2015 to vindicate her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654. Plaintiff alleges that she worked for Defendant, Kisco Senior Living, LLC ("Kisco"), as its Human Resource Director from August 2, 2010 to October 9, 2015. (Doc. 1, ¶ 8). On October 8, 2015, Plaintiff states that she lost consciousness and hit her head. (*Id.* ¶ 9). Plaintiff was rushed to the hospital and was released a few hours later. (*Id.*). The next day, Plaintiff again lost consciousness and was rushed to the hospital a second time, where she remained for a few days. (*Id.* ¶¶ 12–13). In the afternoon of October 9, 2015, Plaintiff's mother called Kisco's Executive Director, Stacy Clark, to apprise her of her daughter's situation. (*Id.* ¶ 14). Plaintiff states that Ms. Clark responded by saying that

1

she did not believe there was anything wrong with Plaintiff, and fired her as a result. (*Id.*). After being released from the hospital, Plaintiff confirmed with Kisco's corporate office that she had indeed been terminated. (*Id.* ¶ 16).

Plaintiff sues Kisco for interfering with and retaliating against her exercise of rights under the FMLA. Kisco now moves to compel the arbitration of Plaintiff's claims, asserting that she is bound by her employment contract to arbitrate this dispute.

## II. STANDARD OF REVIEW

It is well-established that parties may contract to settle potential disputes by arbitration and that such agreements are favored by law. *E.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009). As a corollary, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). In determining whether an agreement to arbitrate covers the parties' dispute, courts generally apply state contract law. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). When a court finds a valid and enforceable arbitration clause binding the parties, the court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Because the right to arbitrate must be liberally enforced, any doubt about whether a dispute is arbitrable should be resolved in favor of arbitration. *AT&T Techs.*, 475 U.S. at 650.

## III. DISCUSSION

In support of its motion to compel arbitration, Kisco has attached Plaintiff's employment contract, paragraph 2 of which provides the arbitration clause Kisco seeks to impose on Plaintiff. (Doc. 15, Ex. A). However, while Kisco goes to great lengths to

explain why this arbitration clause covers Plaintiff's FMLA claims, Kisco never reveals how it is entitled to compel its enforcement.

Ordinarily, a party may not invoke an arbitration clause within a contract to which he is not a signatory unless the contract specifically empowers him to do so.[1]  *Schreiber v. Ally Fin., Inc.*, No. 15-11869, 2015 WL 9199968, at *1 (11th Cir. Dec. 17, 2015) (per curiam) (applying Florida law).  The contract containing the arbitration clause in this case is made between Plaintiff and an entity named "The Fountains."  (Doc. 15, Ex. A, ¶ 1).  Kisco does not represent that it is The Fountains or that it holds any interest in The Fountains.[2]  Additionally, while the arbitration clause plausibly authorizes certain non-signatories to compel arbitration under its provisions—specifically, The Fountains' "owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans," (*id.* ¶ 2)—Kisco does not represent that it is any of these individuals or entities either.  To the contrary, Kisco has adamantly asserted in just about every paper it has filed with the Court that it is the wrong defendant and that it has never been Plaintiff's employer.  (Doc. 7, p. 1 & n.1; Doc. 9, p. 1, n.1; Doc. 15, p. 1 & n.1).  The Court is therefore left to wonder what right Kisco has to compel arbitration of a dispute to which it apparently has no connection.

---

[1]  While certain equitable and agency-related principles may warrant the invocation of an arbitration clause by a non-signatory, *see World Rentals & Sales, LLC v. Volvo Constr. Equip. Rents, Inc.*, 517 F.3d 1240, 1244 (11th Cir. 2008), Kisco does not contend that any such principles apply here.

[2]  Kisco's Certificate of Interested Persons and Corporate Disclosure Statement identifies four entities which hold interests in The Fountains, none of which are Kisco. (Doc. 9).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, or in the Alternative, Motion to Stay Case and Discovery and Compel Arbitration (Doc. 15) is **DENIED**, subject to renewal by any party showing they are entitled to compel the arbitration of Plaintiff's claims.

**DONE AND ORDERED** in Orlando, Florida on April 1, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record