**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JENNIFER ENGLE,

    Plaintiff,

v.                                                                                    Case No:  6:15-cv-1819-Orl-40GJK

KISCO SENIOR LIVING, LLC,

    Defendant.

## ORDER

This cause comes before the Court on Defendant's Renewed Motion to Dismiss, or in the Alternative, Motion to Stay Case and Discovery and Compel Arbitration and Memorandum in Support (Doc. 18), filed April 18, 2016, and Plaintiff's response in opposition (Doc. 20), filed April 27, 2016. Upon consideration, Defendant's motion is due to be denied.

**I.      BACKGROUND**

On October 26, 2015, Jennifer Engle ("Plaintiff"), initiated this lawsuit against Kisco Senior Living, LLC ("Kisco"), who Plaintiff alleges terminated her in violation of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654. On January 13, 2016, Kisco moved to compel the arbitration of Plaintiff's claims by invoking an arbitration clause contained within her employment contract. However, upon review of Plaintiff's employment contract, the Court observed that Kisco was not a signatory. Rather, the sole signatories were Plaintiff and an entity named "The Fountains." As a result, the Court found that Kisco failed to demonstrate that it was entitled to compel arbitration and denied its motion without prejudice. Kisco now renews its motion to compel the arbitration of Plaintiff's claims.

1

## II. STANDARD OF REVIEW

It is well-established that parties may contract to settle potential disputes by arbitration and that such agreements are favored by law. *E.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009). As a corollary, "a party cannot be required to submit to arbitration any dispute which [s]he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). In determining whether an agreement to arbitrate covers the parties' dispute, courts generally apply state contract law. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). When a court finds a valid and enforceable arbitration clause binding the parties, the court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Because the right to arbitrate must be liberally enforced, any doubt about whether a dispute is arbitrable should be resolved in favor of arbitration. *AT & T Techs.*, 475 U.S. at 650.

## III. DISCUSSION

The arbitration clause at issue provides, in pertinent part, as follows:

> [Plaintiff] and [The Fountains] will utilize binding arbitration to resolve all disputes that may arise out of the employment context. Both [The Fountains] and [Plaintiff] agree that any claim, dispute, and/or controversy that either [Plaintiff] may have against [The Fountains] (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) or [The Fountains] may have against [Plaintiff], arising from, related to, or having any relationship or connection whatsoever with [Plaintiff] seeking employment with, employment by, or other association with [The Fountains] shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Florida Arbitration Code.

(Doc. 18-2, ¶ 2) (hereinafter referred to as the "Arbitration Clause"). Plaintiff opposes Kisco's invocation of the Arbitration Clause on the grounds that Kisco is a nonsignatory to her employment contract.

As noted above, the only parties to the employment contract are Plaintiff and a company named "The Fountains." Ordinarily, a party may not invoke an arbitration clause within a contract to which he is not a signatory unless the contract specifically empowers him to do so. *Schreiber v. Ally Fin., Inc.*, 634 F. App'x 263, 264 (11th Cir. 2015) (per curiam) (applying Florida law). Indeed, Kisco does not dispute that it is not a signatory to Plaintiff's employment contract and has adamantly maintained throughout this lawsuit that it is not The Fountains. Nevertheless, Kisco argues that it may invoke the Arbitration Clause for three reasons, which the Court discusses in turn.

First, Kisco submits that it is entitled to compel arbitration of Plaintiff's claims because it is an agent and manager of The Fountains. It is true that Florida law provides an exception to the general rule that only signatories can enforce an arbitration clause where a nonsignatory wishes to compel arbitration due to an agency relationship between it and the signatory. *See Koechli v. BIP Int'l, Inc.*, 870 So. 2d 940, 944 (Fla. Dist. Ct. App. 2004). However, the mere existence of an agency relationship between the nonsignatory and signatory is not enough; rather, the relationship must be "sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided." *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (quoting *Boyd v. Homes of Legend, Inc.*, 981 F. Supp. 1423, 1432 (M.D. Ala. 1997)).

Kisco attempts to establish the requisite agency relationship through a declaration from its general counsel, Craig Taylor, and supporting documents. Mr. Taylor asserts that Plaintiff was actually employed by an entity named KRC Melbourne, LP ("KRC"), that KRC operates under the fictitious name "The Fountains," and that KRC and The Fountains are the same entity. (*See* Doc. 19, ¶¶ 8, 10; Docs. 19-4, 19-5). According to

3

Mr. Taylor, Kisco "acts as the agent of [KRC] in many aspects of managing the day to day business of the senior community known as 'The Fountains,'" pursuant to a management agreement. (Doc. 19, ¶ 3). Additionally, Kisco's CEO and majority owner, Andrew Kohlberg, is the trustee and principal beneficiary of The Andrew S. Kohlberg Trust, which owns a 79.41% financial interest in KRC. (*Id.* ¶ 6; Doc. 19-2). Consequently, Kisco and KRC/The Fountains are under common control. (Doc. 19, ¶ 6). Kisco therefore concludes that its relationship with KRC/The Fountains is sufficiently close to invoke the Arbitration Clause as a nonsignatory.

The Court disagrees. Although Kisco claims that it provides KRC/The Fountains with certain management and branding services and that Kisco and KRC/The Fountains are under common control, Kisco does nothing to describe how it is controlled by KRC/The Fountains or how it acts on the behalf of KRC/The Fountains with respect to Plaintiff's employment contract or the claims she alleges in this case. *See* Restatement (Third) of Agency § 1.01 (2006) (defining "agency"). To the contrary, Kisco's assertions lead to the conclusion that KRC/The Fountains exercise no control or influence over Kisco in any way that is pertinent to this lawsuit. Indeed, Kisco has unequivocally maintained that it has no relationship with Plaintiff's employment or her employment-related allegations. Kisco's relationship with KRC/The Fountains is therefore not "sufficiently close" to warrant allowing it to enforce the Arbitration Clause.

Second, Kisco contends that Plaintiff's claims must be submitted to arbitration due to the mere fact that her claims are envisioned by the Arbitration Clause. However, as explained above, not every party to a lawsuit is entitled to enforce an arbitration clause contained within a contract to which that party is not a signatory. It is entirely possible that Plaintiff's claims in this lawsuit are subject to arbitration under her employment contract

with The Fountains. It is also entirely possible that The Fountains (or any individual or entity legally authorized to act on The Fountains' behalf) intends to waive its right to arbitration, a right that is freely subject to waiver. *See, e.g.*, *Robinson v. Alston*, 596 F. App'x 871, 872–73 (11th Cir. 2015) (per curiam) (discussing how a party waives its right to arbitrate). Because neither The Fountains nor any party having legal standing to enforce the Arbitration Clause on its behalf has appeared in this case, the Court will not presume what the signatories to Plaintiff's employment contract intend to do with regard to their arbitration rights.

Finally, and in a similar vein, Kisco asserts that it is ultimately for an arbitrator to decide whether Kisco is the proper party against whom Plaintiff can allege her claims. Kisco's argument again presupposes that it has the right to enforce the Arbitration Clause. Since Kisco has failed to demonstrate this fact, however, the Court cannot compel arbitration.

**IV.    CONCLUSION**

For these reasons, it is **ORDERED AND ADJUDGED** that Defendant's Renewed Motion to Dismiss, or in the Alternative, Motion to Stay Case and Discovery and Compel Arbitration (Doc. 18) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 24, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record